Filed 12/19/14  P. v. Butler CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JEREL R. BUTLER,<br><br>    Defendant and Appellant. | 2d Crim. No. B256247<br>(Super. Ct. No. MA056301)<br>(Los Angeles County) |

Appellant Jerel R. Butler was charged with corporal injury to a spouse (Pen. Code, § 273.5, subd. (a)),[1] with a prior conviction within seven years.  (§ 273.5, subd. (e)(1) [now subd. (f)(1)].)  A great bodily injury (GBI) enhancement also was alleged.  (§ 12022.7, subd. (e).)  Appellant waived his right to a jury trial and pled no contest to the substantive offense and admitted the GBI enhancement.  Pursuant to a plea agreement, the trial court sentenced him to five years in prison, consisting of the low term of two years plus three years for the GBI enhancement.  (§§ 273.5, subd. (a), 12022.7, subd. (e).)

Appellant filed a motion to correct his "unauthorized" sentence.  He contended the GBI enhancement allegation should have been "stayed or dismissed" under the plea agreement.  To support his motion, he attached the final page of the reporter's

---

[1] All statutory references are to the Penal Code unless otherwise stated.

transcript of the plea hearing, which occurred on July 26, 2012. The page reflects that, at the conclusion of the hearing, the court stated: "The other charges and special allegations are dismissed based on the continuing validity of the plea."

The trial court denied the motion to correct the sentence, explaining that appellant "has attached a partial plea transcript in support of his argument which does not fully reference the plea agreement. Review of the entire plea transcript shows [he] voluntarily agreed to the sentence of 5 years: low term of 2 years on [§] 273.5(a) and consecutive 3 years on [§] 12022.5(e) allegation." The court also rejected appellant's subsequent objection to its decision, reiterating that "review of the plea transcript [pages 3 and 5 specifically] shows [he] was sentenced in accordance with the agreed upon terms." Appellant filed a timely notice of appeal.

The clerk's transcript does not include the reporter's transcript of the July 26, 2012, plea hearing. We requested the trial court's file and, on our own motion, take judicial notice of the 11-page transcript. (See Evid. Code, §§ 452, subd. (d), 459.)

Since this is an appeal from a motion to correct the sentence, the facts underlying the conviction are not relevant. At the plea hearing, appellant was asked if he understood he was agreeing to "a plea to count one under . . . section 273.5(A), a felony, for low term, which is two [years], plus an admission to the [GBI] allegation under 12022.7(E) for low term, which is three years . . . , for a total of five years [in] state prison." Appellant responded, "Affirmative. That is a yes." When asked if he understood "your sentence on this case will be five years in state prison," appellant responded, "Yes, ma'am." He then pled no contest to the substantive offense and admitted "that [he] personally inflicted great bodily injury upon [the victim] under circumstances involving domestic violence."

Appointed counsel filed a brief raising no issues and requesting our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We notified appellant he had 30 days in which to advise us of any claims he wished us to consider. Appellant filed a one-page handwritten letter on October 8, 2014.

Appellant reiterates his contention that he understood, when he entered into the plea agreement, that the special allegation would be dismissed and that he would be sentenced to two years in prison. He also claims he was "in a state of duress during sentencing" and that his first conviction for corporal injury to a spouse "cannot be used as a prior." None of these assertions is supported by the record.

Having examined the entire record, counsel's *Wende* brief and appellant's letter brief, we are satisfied appointed counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *Wende*, *supra*, 25 Cal.3d at p. 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

3

Lisa M. Chung, Judge

Superior Court County of Los Angeles

_____

California Appellate Project, Jonathan B. Steiner, Executive Director, Ann Krausz, under appointment by the Court of Appeal; Jerel Butler, in pro. per., for Appellant.

No appearance for Respondent.